# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                            Case No. 08-cr-048-01-JD

Lorraine Rehm

## O R D E R

The defendant, Lorraine Rehm, moved for court appointed counsel to assist her in the pursuit of a sentence reduction based upon the cocaine base ("crack cocaine") amendment to the Federal Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("2010 Fair Sentencing Act") (document no. 55). That amendment was given retroactive effect on November 1, 2011. For the reasons stated below, the defendant's motion to appoint counsel is DENIED.

On August 3, 2010, Congress enacted the 2010 Fair Sentencing Act to restore fairness to crack cocaine sentences. Specifically, the 2010 Fair Sentencing Act increased the threshold quantity of crack cocaine for certain base offense levels listed in the Drug Quantity Table in §2D1.1, eliminated the mandatory minimum sentence for simple possession of crack cocaine, and directed the United States Sentencing Commission ("Commission") to review and amend the sentencing guidelines to

account for specified aggravating and mitigating circumstances in certain drug cases.

Pursuant to the directive in the 2010 Fair Sentencing Act, the Commission promulgated a temporary, emergency amendment implementing the Act effective November 1, 2010. *See* United States Sentencing Commission, *Supplement to the 2010 Guidelines Manual* (Nov. 1, 2010). On April 6, 2011, the Commission re-promulgated as permanent the temporary, emergency amendment and, pursuant to 28 U.S.C. §994(p), submitted Amendment 750 for congressional review on April 28, 2011.

On June 30, 2011, the Commission voted to add Parts A and C of Amendment 750 to §1B1.10(c), which identifies those amendments to the Federal Sentencing Guidelines that may be considered for retroactive application pursuant to 28 U.S.C. §994(u). Part A amended the Drug Quantity Table in §2D1.1 for crack cocaine offenses and made related revisions to Application Note 10 to §2D1.1. Part C deleted the cross reference in §2D2.1(b) under which an offender who possessed more than five (5) grams of crack cocaine was sentenced under §2D1.1. On November 1, 2011, the amendment to §1B1.10 took effect, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Parts A and C of Amendment 750 were authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which she is presently

incarcerated, the defendant is not eligible to seek a reduced sentence under this amendment.

On April 20, 2009, the defendant pled guilty to two (2) counts of Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1). Based on the offenses and quantities of drugs involved and after various adjustments to the base offense level, the defendant's total offense level was 27 and her advisory guideline range was 78 to 97 months. Because the defendant was subject to a statutory minimum mandatory ten (10) year penalty on the second count, however, the statutory guideline range became 120 months pursuant to USSG § 5G1.1(b). The defendant entered into a binding stipulation with the government to receive a 120 month sentence on each count (with all terms to be served concurrently), which was accepted by the court at sentencing on January 29, 2010.

On this record, the defendant is not entitled to a sentence reduction based on the retroactive application of the crack cocaine amendment. In short, if the defendant was not subject to the statutory minimum mandatory ten (10) year sentence, the application of the crack cocaine base amendment in this case would have reduced her total offense level from 27 to 23 and her advisory guideline range to 51 to 63 months. In this case, however, the defendant was sentenced pursuant to the statutory minimum mandatory ten (10) year penalty provision. The policy

statement governing retroactive application of the guideline amendment, USSG § 1B1.10, does not authorize a reduction in statutory minimum penalties. As a result, because the retroactive crack base guideline amendment has no application to the statutory provision for which the defendant was sentenced, the amendment has no impact on her sentence.

Therefore, because the defendant received a minimum mandatory sentence, she is not eligible for a further reduction of her sentence based upon the crack cocaine base amendment. As a result, it would be futile, and an unnecessary expenditure of taxpayer monies, to appoint counsel to pursue a sentence reduction on her behalf. Defendant's motion to appoint counsel (document no. 55) is DENIED.

**SO ORDERED.**

Date: September 4, 2012        /s/ Joseph A. DiClerico, Jr.
                               Joseph A. DiClerico, Jr.
                               United States District Judge


cc:  Lorraine Rehm, pro se
     Counsel of Record